UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                Case No. 13-CR-193

EDWARD PATTERSON, and
PAUL MARKIEWICZ,

        Defendants.

_____

**AFFIDAVIT OF SCOTT J. CAMPBELL IN SUPPORT OF UNITED STATES'
MOTION FOR FINAL ORDER OF FORFEITURE AND JUDGMENT**

_____

STATE OF WISCONSIN     )
                                 ) ss
COUNTY OF MILWAUKEE   )

      I, Scott J. Campbell, being first duly sworn do hereby depose and say that:

      1.     I am one of the Assistant United States Attorneys assigned to handle the prosecution of the above-entitled case.

      2.     I submit this affidavit in support of the United States' Motion for Entry of a Final Order of Forfeiture and Judgment as to property in which the defendants' interests have already been forfeited.

      3.     On December 10, 2014, this Court issued two preliminary orders of forfeiture that preliminarily forfeited the following property items consistent with Defendant Edward Patterson's and Defendant Paul Markiewicz's plea agreements:

a. Approximately $11,020.00 in United States currency seized from Paul Markiewicz in Germantown, Wisconsin, on or about August 6, 2013;

b. Approximately $2,250.00 in United States currency seized from Paul Markiewicz in Germantown, Wisconsin, on or about October 16, 2013;

c. All right, title, and interest, including any and all interest as owner or as shareholder, in Fast Eddy's, LLC, and also including all right, title, and interest in the net proceeds of Fast Eddy's LLC's sale of its franchise rights, equipment, and leasehold improvements of the McDonald's restaurants located at 11250 N. Port Washington Road, Mequon, Wisconsin ("Mequon Franchise") and at 8739 N. Port Washington Road, Fox Point, Wisconsin ("Fox Point Franchise"), as well as Fast Eddy's, LLC's sale of the parking lot adjacent to the Mequon Franchise, to MacPyles Corporation in or about December 2013, and which net proceeds are now being held in escrow in the United States Department of Justice Seized Assets Deposit Fund; and

d. All right, title, and interest, including any and all interest as owner or as shareholder, in Hotter Faster Eddy's, LLC, and also including all right, title, and interest in the net proceeds of Hotter Faster Eddy's, LLC's sale of its franchise rights, equipment, and leasehold improvements of the McDonald's restaurant located at 5344 N. Port Washington Road, Glendale, Wisconsin ("Glendale Franchise") to MacPyles Corporation in or about December 2013, and which net proceeds are now being held in escrow in the United States Department of Justice Seized Assets Deposit Fund account.

*See* R. 196 and R. 197.

4. On January 9, 2015, this Court imposed sentence upon Defendant Paul Markiewicz and incorporated into his sentence the terms of the preliminary order of forfeiture as to the above-referenced items (a) and (b). R. 218. The preliminary order of forfeiture is therefore now final as to Defendant Markiewicz.

5. On April 17, 2015, this Court imposed sentence upon Defendant Edward Patterson and incorporated into his sentence the terms of the preliminary order of forfeiture as to the above-referenced items (c) and (d). R. 242. The preliminary order of forfeiture is therefore now final as to Defendant Patterson.

6. On April 27, 2015, the United States filed the Stipulations and Global Settlement Agreement Regarding Government's Forfeiture Claims as to Property Items in which Defendant Edward Patterson has an Interest ("Global Settlement Agreement"). R. 244.

7. Under paragraph 30 of the Global Settlement Agreement, the plaintiff United States of America and third-party claimants James Patterson and his wife Pamela Patterson stipulated that the Global Settlement Agreement shall constitute a timely and valid petition, under Title 21, United States Code, Section 853(n)(3) and Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, by claimants James Patterson and Pamela Patterson as to $1,182,415.52 of the $2,107,415.52 sum currently on deposit in the Seized Asset Forfeiture Fund as listed in the above-referenced items (c) and (d). R. 244, ¶ 30.

8. The United States and third-party claimants James Patterson and Pamela Patterson have stipulated that the $2,107,415.52 sum currently on deposit in the Seized Asset Forfeiture Fund consists of the net sales proceeds of both (1) Fast Eddy's LLC's sale of its Mequon Franchise and its Fox Point Franchise, as well as Fast Eddy's, LLC's sale of its parking lot adjacent to the Mequon Franchise, to MacPyles Corporation in or about December 2013, as well as (2) Hotter Faster Eddy's, LLC's sale of its Glendale Franchise to MacPyles Corporation in or about December 2013. R. 244, ¶¶ 1-8.

9. All $2,107,415.52 of those net franchise sales proceeds are now being held in escrow in the United States Department of Justice Seized Assets Deposit Fund account. R. 244, ¶ 15.

10. Under paragraph 30 of the Global Settlement Agreement, the United States and third-party claimants James Patterson and Pamela Patterson further stipulated that the $1,182,415.52 amount represents the collective ownership share of James Patterson and Pamela

3

Patterson attributable to their 49% interest in Fast Eddy's, LLC and their corresponding 49% interest in the net sales proceeds of Fast Eddy's, LLC's sale of its Mequon and Fox Point franchises.  R. 244, ¶ 30.

11.     Under paragraph 30 of the Global Settlement Agreement, James Patterson and Pamela Patterson have agreed that they shall refrain from asserting a claim as to any additional portion of the $2,107,415.52 beyond their claim as to the $1,182,415.52.  R. 244, ¶ 30.

12.     Under paragraph 32 of the Global Settlement Agreement, the United States and James Patterson and Pamela Patterson have agreed that if, after the preliminary order of forfeiture is entered against the full $2,107,415.52 in franchise-sale proceeds, no timely and valid third-party claim, other than the claim of James Patterson and Pamela Patterson as to $1,182,415.52 of the $2,107,415.52 in franchise-sale proceeds, is made as to any portion of those franchise-sale proceeds:

   a.  The United States shall stipulate to the validity of the claim of James Patterson and Pamela Patterson to the $1,182,415.52 of the $2,107,415.52 in franchise-sale proceeds, and the United States shall promptly pay the sum of $1,182,415.52 to James Patterson and Pamela Patterson via a wire transfer to the Biskupic and Jacobs law firm trust account, subject to Treasury offset rules described in paragraph 38 of the Global Settlement Agreement; and

   b.  The United States may request the immediate entry of a final order of forfeiture forfeiting the remaining $925,000 to the United States for disposition according to law.

R. 244, ¶ 32.

13.     On April 28, 2015, the United States filed a notice of forfeiture with respect to the four property items listed in the Court's two preliminary orders of forfeiture issued on December 10, 2014.  R. 246.

14. Beginning on April 29, 2015, and ending on May 28, 2015, the United States caused notice of forfeiture with respect to those four property items to be posted on an official government internet site for at least 30 consecutive days pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(1). Copies of the Declarations of Publication, Notices of Forfeiture, and Advertisement Certification Reports evidencing notice of the forfeiture action are attached hereto as <u>Exhibit A</u>.

15. Under 21 U.S.C. § 853(n)(2), any person, other than the defendants, asserting a legal interest in property that has been ordered preliminarily forfeited to the United States must file a petition with the Court for a hearing to adjudicate the validity of the person's alleged interest in the property within thirty days of either the person's receipt of direct notice or the final publication of notice, whichever is earlier.

16. To date, no third-party petitions have been filed in this matter other than the petition deemed, under the Global Settlement Agreement, to have been filed by third-party claimants James Patterson and Pamela Patterson, and the time for any third party to file such a petition in response to the April 28, 2015 notice of forfeiture has now expired.

17. Pursuant to the Stipulations and Global Settlement Agreement Regarding Government's Forfeiture Claims as to Property Items in which Defendant Edward Patterson has an Interest, and because no other timely third-party claims have been made as to the preliminarily forfeited property items, all parties agree to the following regarding the $2,107,415.52 in franchise-sale proceeds:

    a. The United States will pay the sum of $1,182,415.52 to third-party claimants James Patterson and Pamela Patterson via a wire transfer to the Biskupic and Jacobs law firm trust account, subject to Treasury offset rules; and

5

  b.  The United States will request the immediate entry of a final order of forfeiture forfeiting the remaining $925,000 to the United States for disposition according to law.

18. I therefore submit that, under 21 U.S.C. § 853(n)(7), entry of the requested Final Order of Forfeiture and Judgment as to the four property items listed in this Court's December 10, 2014 preliminary forfeiture orders, consistent with the terms of the Global Settlement Agreement that the United States has entered into with the sole third-party claimants in this ancillary forfeiture proceeding, is appropriate at this time.

              s/SCOTT J. CAMPBELL
              Assistant United States Attorney
              Scott J. Campbell Bar Number: 1017721
              Attorney for Plaintiff
              Office of the United States Attorney
              Eastern District of Wisconsin
              517 East Wisconsin Avenue, Room 530
              Milwaukee, WI 53202
              Telephone:(414) 297-1700
              Fax:(414) 297-1738
              E-Mail: scott.campbell@usdoj.gov

Subscribed and sworn to before me
this 30th day of June, 2015.

s/CATHY L. TRAUTMAN
Notary Public, State of Wisconsin
My commission: expires 8/30/15